IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH A. ACEY and BESSIE I. ACEY,  )
          Plaintiffs,          )
                              )
          vs.                )        Civil Action No. 06-77
                              )        Judge Conti
JACOB ROMAN SCHMIDT, JR.,       )        Magistrate Judge Mitchell
          Defendant.        )

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the motion to dismiss or, in the alternative to transfer

for lack of personal jurisdiction and improper venue, submitted on behalf of Defendant (Docket

No. 6) be granted and that this action be transferred to the United States District Court for the

District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1406(a).

II.      Report

Plaintiffs, Joseph A. Acey and his wife, Bessie I. Acey, bring this action against

Defendant, Jacob Roman Schmidt, Jr., alleging claims of negligence and loss of consortium

arising out of an auto accident that occurred on August 10, 2005 in Caroline County, Maryland.

As a result of the accident, Plaintiff Joseph Acey allegedly sustained serious injuries and Plaintiff

Bessie Acey allegedly suffered a loss of consortium.

Presently before this Court for disposition is a motion to dismiss or, in the alternative, to

transfer venue for lack of personal jurisdiction and improper venue, brought by the Defendant.

For the reasons that follow, the Court should conclude that Plaintiffs have failed to establish that

personal jurisdiction may be asserted over Defendant and that Defendant has demonstrated that

venue in this district is improper.  However, transfer of this action to another forum that would

have personal jurisdiction over Defendant and in which venue would be proper is appropriate.

Therefore, Defendant's motion should be granted and this action should be transferred to the

United States District Court for the District of Maryland, Northern Division, pursuant to 28

U.S.C. § 1406(a).

Facts

Plaintiffs allege that, on August 10, 2005, Joseph A. Acey was operating his 1990 Toyota

truck in the State of Maryland, waiting for another vehicle to make a left hand turn from MD 328

onto Saulsbury Road when suddenly, without warning, his vehicle was struck from behind by a

1993 Nissan truck that was being driven by Schmidt.  (Compl. ¶ 3.)  They allege that the accident

resulted solely from Schmidt's negligence, recklessness and carelessness in that he failed to

properly operate and control his vehicle, failed to be attentive, failed to stop within an assured

clear distance ahead, failed to take evasive action to avoid an accident, drove at an excessive rate

of speed under the circumstances and failed to use due care.  (Compl. ¶¶ 4-5.)  As a result,

Joseph Acey suffered serious injuries to his neck and back, depression and an extruded disc at

L-2/L-3.  He has incurred medical bills, lost income and earning capacity, suffered other financial

expenses or losses and suffered severe physical pain, mental anguish and humiliation.  He further

alleges that he will continue to suffer these losses for an indefinite period of time in the future.

His wife, Bessie Acey, has been obliged to spend large and various sums of money for medicine,

medical, surgical, hospital care, therapeutic treatment and attention for her husband.  She alleges

that she has been deprived of his aid, assistance, comfort and society and that she is greatly

hindered in enjoying present and future pleasures of life to her great misfortune.

Procedural History

Plaintiffs filed their complaint on January 19, 2006.  Jurisdiction is based on diversity of citizenship, in that Plaintiffs are Pennsylvania citizens who reside in Connellsville, Pennsylvania; Defendant is a Maryland citizen who resides in Easton, Maryland; and the amount in controversy is alleged to exceed the sum of $75,000.00, exclusive of interest and costs.  Count I alleges that Schmidt acted negligently and caused the injuries described above to Plaintiff Joseph A. Acey. Count II alleges a claim of loss of consortium by Plaintiff Bessie I. Acey.

On April 3, 2006, Defendant filed a motion to dismiss or, in the alternative, to transfer for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).  He contends that the Court lacks personal jurisdiction over him, that venue in this District is improper and that this action should be dismissed or, in the alternative, transferred to the United States District Court for the District of Maryland, Northern Division, where it might have been brought.

Personal Jurisdiction

When a defendant asserts lack of in personam jurisdiction, the plaintiff has the burden of demonstrating that the defendant has sufficient contacts with the forum state to establish in personam jurisdiction.  North Penn Gas v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990); Mesalic v. Fiberfloat Corp., 897 F.2d 696, 699 (3d Cir. 1990).  "The plaintiff must sustain its burden of proof through 'sworn affidavits or other competent evidence.'"  North Penn Gas, 897 F.2d at 689 (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)).  The court initially must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," although it can reconsider the issue "if it

appears that the facts alleged to support jurisdiction are in dispute," and can conduct an evidentiary hearing to resolve any disputed facts. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142, n.1 (3d Cir. 1992).

There are two alternative ways to establish personal jurisdiction. In this case, Plaintiffs could assert only specific personal jurisdiction, which would arise from a defendant's forum-related activities and may be established even where the defendant has not physically appeared in the state but has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (citations omitted).

In Burger King, the Supreme Court considered what minimal contacts are required to satisfy the constitutional requirements of due process. The Court established a two-step test to determine whether the exercise of jurisdiction over a non-resident violates due process. First, the district court must consider whether the defendant purposefully established minimum contacts within the forum state. Then the court must determine whether the presence of other considerations would render jurisdiction unreasonable or whether the assertion of jurisdiction would comport with "fair play and substantial justice." Id. at 476-77.

The Federal Rules of Civil Procedure authorize a district court to assert personal jurisdiction over a non-resident to the extent permissible under the law of the state where the district court sits. Fed.R.Civ.P. 4(k)(1)(A). North Penn Gas, 897 F.2d at 689. Pennsylvania authorizes its courts to exercise maximum general and specific jurisdiction over individuals. The plaintiff may show specific jurisdiction pursuant to Pennsylvania's long arm statute, 42 Pa. C.S. § 5322(a) by showing that the defendant has engaged in forum-related activities.

Pennsylvania also authorizes exercise of the jurisdiction of its courts over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b). See Kubik v. Letteri, 614 A.2d 1110, 1114 (Pa. 1992) (following Burger King analysis).

Plaintiffs have not responded to Defendant's argument that the Court cannot exercise specific personal jurisdiction over him. The only provision of Pennsylvania's long-arm statute that could potentially apply would be 42 Pa. C.S. § 5322(a)(4), which allows for personal jurisdiction as a result of a defendant's "[c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." However, "the stretch of this statute has not been extended to include the residual effects of an out-of-state accident to a state resident." Williams v. Moody, 1999 WL 79535, at *1 (E.D. Pa. Jan. 22, 1999). See also Amos by Amos v. Pendry, 810 F. Supp. 146, 149-50 (M.D. Pa. 1992) (plaintiff injured in accident in New Jersey could not establish specific personal jurisdiction in Pennsylvania by contending that his primary injuries occurred not from the accident itself, but as a result of the subsequent inter-operative coagulapathy that occurred in a Pennsylvania hospital); Peek v. Golden Nugget Hotel & Casino, 806 F. Supp. 555, 558 (E.D. Pa. 1992) (Pennsylvania citizen injured in a slip and fall in the defendant's hotel/casino in Nevada failed to establish that her cause of action arose out of the defendant's alleged contacts with the forum, namely brochures displayed in Pennsylvania travel agents' offices); Wims v. Beach Terrace Motor Inn, Inc., 759 F. Supp. 264, 267-68 (E.D. Pa. 1991) (patrons injured at motor inn in New Jersey could not establish personal jurisdiction in Pennsylvania, even when they alleged that they were solicited to visit the motor inn by

advertising directed to them in Pennsylvania); Nicholas v. Ashraf, 655 F. Supp. 1418 (W.D. Pa. 1987) (plaintiff treated at West Virginia University Hospital on referral from a treating physician in Pennsylvania did not have a cause of action that arose from defendants' forum-related activities); Garzone v. Kelly, 593 A.2d 1292, 1297-98 (Pa. Super. 1991) (§ 5322(a)(4) could not be relied on to assert personal jurisdiction over New Jersey resident when auto accident occurred in New Jersey).  See also DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84-85 (2d Cir. 2001) (analyzing comparable section of New York long-arm jurisdiction statute and indicating that court should inquire as to the location of the "original event which caused the injury.")

Schmidt's alleged negligence occurred in Maryland, where Plaintiffs contend that he negligently operated his automobile and caused an accident that injured Joseph Acey.  Schmidt does not even have any contacts in Pennsylvania, and therefore Plaintiffs' causes of action could not arise out of any forum-related activities on his part.

In addition, courts have held that to interpret the Pennsylvania long-arm statute in a manner so as to permit a Pennsylvania resident injured in another state to argue that personal jurisdiction could be exercised on the basis of residual or subsequent injuries suffered in Pennsylvania would "fly in the face of International Shoe and World Wide Volkswagen, in that there is no basis on which to find the minimum contacts as required by the due process clause of the Constitution of the United States."  Estoril v. Brown, 556 F. Supp. 153, 155 (E.D. Pa. 1983) (citations omitted).  See also Bakaj v. Arthur Levine, D.D.S., P.A., 733 F. Supp. 951, 953 (E.D. Pa. 1990) (patient treated by dentist in New Jersey could not establish jurisdiction based on subsequent suffering in Pennsylvania); Border v. Alex Gup, M.D., Civ. A. No. 87-5142, 1987 WL 26634, at *2 (E.D. Pa. Dec. 7, 1987) (no personal jurisdiction when patient alleged

misdiagnosis of condition by Florida doctor requiring subsequent operation in Pennsylvania).

Thus, Plaintiffs cannot establish personal jurisdiction over Schmidt based on the fact that Joseph

Acey suffered or continues to suffer injuries in Pennsylvania when the actual injury occurred in

Maryland.

        Venue

        The Court of Appeals for the Third Circuit has held that the defendant challenging venue

bears the burden of demonstrating that it is improper.  Myers v. American Dental Ass'n, 695

F.2d 716, 724 (3d Cir. 1982).  Defendant challenges venue as improper because the events giving

rise to Plaintiffs' claims occurred in Maryland.

        The claims in this action are based on state law, and therefore the relevant venue statute is

28 U.S.C. § 1391(a).  Section 1391(a)(1) provides that an action may be brought where

defendants "reside" and Schmidt resides in Maryland.  Therefore, venue may not be asserted in

this district on the basis of this subsection.

        Section 1391(a)(2) provides that an action may be brought in "a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred...."  Plaintiffs

contend that liability is not in dispute and that Joseph Acey continues to receive his medical

treatment in Uniontown, Pennsylvania and therefore a substantial part of the events underlying

their claims has occurred in Pennsylvania.  However, they cite no authority for this proposition.

In fact, numerous courts have expressly rejected this very argument.  See Wisland v. Admiral

Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997) (plaintiff injured in auto accident in South

Dakota could not place venue in Wisconsin, where she received her medical treatment); Arriaga

v. Imperial Palace, Inc., 252 F. Supp. 2d 380, 387-88 (S.D. Tex. 2003) (venue improper in Texas

based on plaintiff's receipt of medical care there following fall in Nevada hotel); Smith v.

Fortenberry, 903 F. Supp. 1018, 1020 (E.D. La. 1995) (when auto accident occurred in

Mississippi, that is where substantial part of the events occurred, not in Louisiana, where plaintiff

subsequently received medical treatment); Nagele v. Holy Redeemer Visiting Nurse Agency,

Inc., 813 F. Supp. 1143, 1146 (E.D. Pa. 1993) (venue in Pennsylvania improper in negligence

case where all of the allegedly negligent nursing care was provided in New Jersey).

Finally, § 1391(a)(3) provides for venue in "a judicial district in which any defendant is

subject to personal jurisdiction at the time the action is commenced, if there is no district in

which the action may otherwise be brought."  However, as noted above, Schmidt is not subject to

personal jurisdiction in this district.  Moreover, the District of Maryland, where the accident

occurred, is a venue in which the action might have been brought.  Thus, § 1391(a)(3) does not

provide a basis for venue in this district.

Dismissal Versus Transfer

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought."  Transfer

under this statute is proper even though the court in which the action was filed lacks personal

jurisdiction over the defendant.  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

The District of Maryland would have in personam jurisdiction over Schmidt because he is

a citizen of that state.  It would also be an appropriate venue because a substantial part of the

events giving rise to the claims occurred there.[1]

Federal court for the District of Maryland, Northern Division encompasses Caroline

County, where the accident occurred.  28 U.S.C. § 100(1).  Therefore, the District of Maryland,

Northern Division, is a federal court where this action might have been brought.  Rather than

suffer dismissal, this action should be transferred to the United States District Court for the

District of Maryland, Northern Division, pursuant to § 1406(a).

For these reasons, it is recommended that the motion to dismiss or, in the alternative to

transfer for lack of personal jurisdiction and improper venue, submitted on behalf of Defendant

(Docket No. 6) be granted and that this action be transferred to the United States District Court

for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1406(a).

Within thirteen (13) days of being served with a copy, any party may serve and file

written objections to this Report and Recommendation.  Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto.  Failure to file

timely objections may constitute a waiver of any appellate rights.


                                        Respectfully submitted,


                                        s/Robert C. Mitchell
                                        ROBERT C. MITCHELL
                                        United States Magistrate Judge


Dated: May 11, 2006

---

[1]      Defendant argues for transfer pursuant to 28 U.S.C. § 1404(a).  However, that section
provides for transfer only if venue is proper in the original forum.  As venue is improper in this
district, transfer is authorized only by § 1406(a).  See Jumara v. State Farm Ins. Co., 55 F.3d 873,
878 (3d Cir. 1995).